WILLIAM GRAFF

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield November 1, 1890.*

1. LARCENY—*sale of property alleged to have been stolen—whether authorizing a conviction.* On the trial of one upon a charge of larceny it was shown that a lot of cattle had been stolen in a particular county named, and that the defendant had sold the same cattle in another county. The court, on behalf of the prosecution, instructed the jury, substantially, that if they believed the alleged larceny had been committed, and that the defendant afterward removed the cattle from the county in which they had been stolen, to another county, and there sold them, then he was guilty of the crime of larceny. The defendant, testifying in his own behalf, stated that the cattle were delivered to him in the county in which they were charged to have been stolen, by another, with directions to make sale of them, which he did, in good faith and without knowledge that they had been stolen. The instruction was held to be erroneous, in that it authorized a verdict of guilty from the mere fact that the accused sold the property which had been stolen. All that was required by the instruction to authorize a verdict of guilty may have been proved, and yet the defendant be innocent of the crime for which he was being tried.

2. INSTRUCTION—*belief of the jury—to be predicated upon the evidence.* An instruction in a criminal prosecution directed the jury, that if they *believed* certain specified facts they might convict. The instruction was considered objectionable in not limiting the belief to be entertained by the jury to that produced by the evidence given on the trial.

3. SAME—*whether a faulty instruction is cured by others of a series.* Upon a prosecution under an indictment for larceny, an instruction was given on behalf of the People, directing the jury that if they should find certain facts they might convict; but it was considered that even if all that was required in the instruction to authorize a verdict of

guilty, was proved, still the defendant may have been innocent of the crime charged, and, as the instruction assumed to state a complete case, it could not be truly said that it was but one of a series, and supplemented or qualified by others in the same series.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. OSCAR A. DeLEUW, and Messrs. MORRISON & WHITLOCK, for the plaintiff in error:

An instruction should require the jury to form their belief upon the evidence, only. *Steinmeyer* v. *The People,* 95 Ill. 383.

When the testimony is close or conflicting the law should be given to the jury accurately. *Ruff* v. *Jarrett,* 94 Ill. 475; *Swan* v. *The People,* 98 id. 610.

Mr. GEORGE HUNT, Attorney General, Mr. R. R. HEWITT, State's Attorney, Mr. J. N. GRIDLEY, and Mr. WILLIAM A. CRAWLEY, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ brings before us for review the record of the conviction of William Graff, in the circuit court of Cass county, of the crime of larceny.

The indictment, as originally presented by the grand jury, contained two counts, but before the trial the State's attorney entered a *nolle prosequi* as to the first count, and the trial and conviction were therefore under the second count alone, which charged a larceny of eighteen head of steers in Cass county, on the 25th of November, 1888. The evidence given upon the trial clearly proved that eighteen head of steers, belonging to Elizabeth Flynn, the grandmother of the plaintiff in error, were stolen from a pasture in Morgan county, some time in the month of November, 1888, and that they were sold by the plaintiff in error, on or about the 26th of November, 1888, to

George Edwards, in Cass county. Plaintiff in error contends, and he so testified upon the trial, as a witness in his own behalf, that he received the possession of the cattle on the evening of November 24, 1888, from one J. N. McDonald, in the road, near Jacksonville, in Morgan county, for the purpose of selling them for said McDonald; that he did not know that they had been stolen, and that he sold them to George Edwards, in Cass county, in good faith, pursuant to this authority. There are also some circumstances proved, perhaps tending, though it may be slightly, to corroborate this evidence. The real controversy before the jury, therefore, was not whether the cattle had in fact been stolen, or whether plaintiff in error had in fact sold them to George Edwards, in Cass county, but whether plaintiff in error received them in good faith, as he testified he did, from McDonald, and afterwards sold them to Edwards for McDonald, or whether he himself stole them from the pasture in Morgan county.

The court gave the jury, at the instance of the prosecution, the following among other instructions, namely:

"3. That the indictment charges the larceny as having been committed by defendant in the county of Cass, and though you may believe that the larceny of said cattle was originally committed, if committed, in the county of Morgan, yet if you believe, beyond a reasonable doubt, that the defendant afterwards brought the said steers into the county of Cass and sold them there, under the statute of the State of Illinois the defendant is guilty of the crime of larceny of the said steers in the said county, the same as if the larceny had been originally committed in the said county of Cass, and you should find the defendant guilty of the crime in the said county of Cass."

This is objectionable in not limiting the belief to be entertained by the jury to that produced by the evidence given on the trial. The jury have no right to act on any belief which is not produced wholly by evidence given upon the trial. (*Ewing* v. *Runkle*, 20 Ill. 448.) But the vital objection is,

that all that is here required to authorize a verdict of guilty may have been proved, and yet the plaintiff in error have been innocent of the crime for which he was being tried. If the steers were stolen in Morgan county,—not by the plaintiff in error, but by McDonald, or some one else,—and were afterwards placed by McDonald in the hands of plaintiff in error to sell for him, and if plaintiff in error then received them from McDonald in good faith, and drove them to Cass county, and there sold them for him, it is plain that he is not guilty of the offense whereof he was convicted,—and the evidence of the plaintiff in error tended to prove precisely that state of facts. But then, in the language of this instruction, the larceny of the cattle was originally committed in Morgan county, and the plaintiff in error afterwards brought them to Cass county, and there sold them. The instruction authorizes a verdict of guilty from the mere fact that the plaintiff in error sold property which had been stolen. The instruction assumes to state a complete case, and it can not be truly said that it is but one of a series, and supplemented or qualified by other instructions in the same series.

It may be that the preponderance of the evidence is that the plaintiff in error himself originally stole the cattle; but there was a conflict in the evidence in that respect, and the evidence introduced on behalf of plaintiff in error was of that importance that we can not say the plaintiff in error was not entitled to have the verdict of a jury, under correct instructions, upon it.

For the error in giving this instruction, the judgment below is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*